## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | : |
|  | : **CHAPTER 11** |
| **JOHN WEI (f/k/a WEI XIANG YONG)** | : |
|  | : **NO. 23-13678-MDC** |
| Debtor. | : |
|  | : |
| **JOHN WEI (f/k/a WEI XIANG YONG)** | : |
|  | : **ADV. PRO. NO.** |
| Plaintiff, | : |
| v. | : |
|  | : |
| **SHIN DA ENTERPRISES, INC; 446-50 N. 6TH** | : |
| **STREET, LLC; AND LIJIAN REN** | : |
|  | : |
| Defendants. | : |
|  | : |

## COMPLAINT TO AVOID LIEN AND FOR OTHER RELATED RELIEF

Plaintiff, John Wei f/k/a Wei Xiang Yong (the "Plaintiff" or "Debtor"), by and through his counsel, Ciardi Ciardi & Astin, files this complaint against Shin Da Enterprises, Inc., 446-50 North 6th Street, LLC and Lijian Ren (collectively "Defendants"), seeks: (i) to avoid that certain lien asserted by Defendants as a preferential transfer pursuant to 11 U.S.C. §547; and (ii) other related relief. In support of this Complaint, Debtor avers as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") pursuant to 28 U.S.C. §§ 157 and 1334, and the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") 7001 and 7065.

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (F), and (O).

1

4.      The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§547 and 502.

## PARTIES

5.      John Wei is an individual who lives at 525 N. 11th Street, Suite 101 Philadelphia, PA 19123 and specializes in real estate development.

6.      Shin Da Enterprises, LLC is a Pennsylvania Limited Liability company with an address of 1100-02 Spring Garden Street, Philadelphia, PA 19123.

7.      446-50 North 6th Street, LLC is a Pennsylvania Limited liability company with an address of 1424 S. 8th Street, Philadelphia, Pennsylvania 19147.

8.      Lijian Ren is an individual with an address of 1424 South 8th Street, Philadelphia, Pennsylvania 19147.

## GENERAL ALLEGATIONS AND BACKGROUND

9.      On December 4, 2023 (the "Petition Date"), Debtor filed a chapter 11 subchapter V bankruptcy in the Eastern District of Pennsylvania[1].

10.      The Debtor is a real estate developer in New Jersey and Pennsylvania. The Debtor owns substantial interests in companies that are necessary for the Debtor's plan of reorganization.

11.      Prior to the Petition Date, on October 26, 2023, The Defendants obtained a civil judgment (the "Judgment") in the Eastern District of Pennsylvania at Case No. 2:21-cv-03384-CFK in the amount of $5,130,482.00 against the Debtor, Jein Mei He aka Mika He ("Debtor's Wife"), UIG Construction, LLC ("UIG"), PA Ridge Associates ("PA Ridge"), Wei's Properties, Inc. ("Wei's Properties"), Redevelopment Consultant LLC ("Redevelopment Consultant"), (UIG, PA Ridge, Wei's Properties, and Redevelopment Consultant shall be referred to herein collectively

---

[1] On or about December 28, 2023, the Debtor opted out of the Subchapter V bankruptcy. *See* D.N. 42

as "Debtor's Entities"), G&Y Contractor Inc ("G&Y") and Ying Nan Gai[2] (collectively, the "Non-Debtor Judgment Defendants"). The Debtor appealed the Judgment.

12.    The Defendant's Judgment attached a lien to the Debtor's real property and, to the extent that Debtor owned interests and/or property with his wife or any of the Debtor's Entities, Defendant also became secured to those assets as a result of the Judgment (collectively, the "Lien").

13.    Pursuant to 11 U.S.C. §547, the Debtor is seeking to avoid the Lien as a lien against the Debtor's assets.

14.    Since the Judgment occurred within ninety (90) days of the Petition Date, the Defendants should not receive a preferential lien position ahead of unsecured creditors.

## COUNT I
## PREFERENTIAL TRANSFER AVOIDABLE UNDER 11 U.S.C. § 547

15.    The Debtor repeats and realleges each and every allegation contained above as if set forth at length herein.

16.    Defendants obtained a judgment against the Debtor on or about October 26, 2023.

17.    The Lien was the result of the Judgment and was an antecedent debt owed by the Debtor.

18.    The Lien transformed the Debtor's obligation to the Defendant from an unsecured obligation to a secured obligation (with respect to some of the Debtor's assets).

19.    The granting of the Lien is a transfer of the Debtor's interest in its property to the Defendant.

20.    The Lien was created within ninety (90) days of the Petition Date.

---

[2] Mr. Nan Gai and G&Y Contractor, Inc. (collectively, the ("Gai Defendants") are separate and distinct defendant from Debtor and his Entities.

21.    As of the Petition Date, Debtor's liabilities exceeded the fair market value of their assets and the Debtor is presumed to have been insolvent for the ninety-day period prior to the Petition Date pursuant to 11 U.S.C. 547(f).

22.    The Lien will enable Defendant to receive more on account of its claim against the Debtor than it would have received if the Debtor had commenced a case under Chapter 11 of the Bankruptcy Code, the Lien did not exist, and Defendant received payments to the extent provided by the United States Bankruptcy Code.

23.    The Lien represents a voidable transfer.

**WHEREFORE,** the Debtor demands judgment in its favor and against Defendant, as follows:

a.    Declaring that the Lien asserted by Defendant constitutes an avoidable preference;

b.    Voiding the Lien as a preferential transfer in conformity with 11 U.S.C. §547 and preserving same for the benefit of the Estate pursuant to 11 U.S.C. §551;

c.    Granting other such and further relief as the Court finds to be just and equitable.

Respectfully submitted,

**CIARDI CIARDI & ASTIN**

Dated:  March 28, 2024

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street
Philadelphia, PA  19103
aciardi@ciardilaw.com
dsiedman@ciardilaw.com

Telephone: (215) 557-3550
Facsimile: (215) 557-3551