IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 11 |
| JOHN WEI (f/k/a WEI XIANG YONG) | : |
| | : BANKRUPTCY NO. 23-13678 |
| Debtor. | : |

### DEBTOR'S LIMITED OBJECTION TO THE
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Debtor John Wei f/k/a Wei Xiang Yong (the "Plaintiff" or "Debtor"), by and through his undersigned counsel, Ciardi Ciardi & Astin, respectfully objects to motion (the "Motion") of JP Vision Financial, LLC (the "Movants") to obtain relief from the automatic stay and the Debtor confirms the automatic stay applies as to the Debtor. In support of his objection, the Debtor avers as follows:

1. Admitted as stated.
2. Admitted as stated.
3. Admitted as stated.
4. Admitted as stated.

**Background**

**The JM Loan**

5. Admitted as stated.
6. Admitted as stated.
7. Admitted as stated.
8. Admitted as stated.
9. Admitted as stated.
10. Admitted as stated.

11. Admitted as stated.

12. Admitted as stated.

13. Admitted in part and denied in part. It is admitted only that JM Investment is behind payments under the JM Note. The Debtor denies the remainder of this averment as JM Investment does not set forth for what month the payment is due and/or the amounts due under the JM Note.

14. Denied. By way of further response, the Movant references a document, the truth and veracity of which speaks for itself.

15. Denied. By way of further response, the Debtor is without sufficient information and knowledge to form a belief as to the intention of the Movant. Moreover, Movant fails to attach a draft of the alleged foreclosure complaint.

16. Denied as a conclusion of law to which no response is required.

17. Admitted.

18. Admitted in part and denied in part. It is admitted only that Debtor is an owner of JM investment and JM Investment is not in bankruptcy. The remaining averments are denied as stated.

19. Denied as a conclusion of law to which no response is required. By way of further response, the Debtor has an interest in JM Investment, which owns the New Jersey Mortgaged Property.

20. Denied as a conclusion of law to which no response is required.

Debtor's Bankruptcy Case.

21. Admitted.

22. Admitted. By way of further response, the Debtor is working on a plan of reorganization.

23. Denied as a conclusion of law to which no response is required.

Argument

The Automatic Stay

24. Admitted.

25. Admitted in part and denied in part. It is admitted only that the Debtor has an interest in the owning entity of New Jersey Mortgaged Premises.

26. Admitted.

27. Denied as a conclusion of law to which no response is required.

28. Denied as a conclusion of law to which no response is required.

29. Denied as a conclusion of law to which no response is required.

30. Denied as a conclusion of law to which no response is required.

Argument regarding Relief from the Automatic Stay

31. Denied as a conclusion of law to which no response is required.

32. Denied as a conclusion of law to which no response is required.

33. Denied as a conclusion of law to which no response is required.

34. Denied as a conclusion of law to which no response is required.

35. Denied as a conclusion of law to which no response is required.

36. Denied as a conclusion of law to which no response is required.

37. Denied as a conclusion of law to which no response is required.

38. Admitted in part and denied in part. It is admitted only that the JM Investment is behind in payments to Movant. By way of further response, the New Jersey Mortgaged Property is worth more than the debt and, therefore, Movant is adequately protected. The Property is being marketed for sale.

39. Admitted.

40. Denied. By way of further response, the New Jersey Mortgaged Property is worth more than the debt and, therefore, Movant is adequately protected. The Property is being marketed for sale.

41. No response is required.

42. Admitted

**WHEREFORE,** Debtor respectfully requests entry of an order (a) denying the Motion; and (b) grant such other and further relief as the Court may deem necessary.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Dated: September 10, 2024

**/s/ *Daniel S. Siedman***
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street,
Philadelphia, PA  19103
aciardi@ciardilaw.com
dsiedman@ciardilaw.com

Telephone: (215) 557-3550
Facsimile: (215) 557-3551