**KANG HAGGERTY**

**Kyle Garabedian**
215.525.0867
kgarabedian@kanghaggerty.com

February 19, 2025

*Via ECF Filing Only*
Chief Judge Ashley M. Chan
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street, Suite 204
Philadelphia, PA 19107

> **Re:**    ***In re: John Wei F/K/A Wei Xiang Yong***
> **United States Bankruptcy Court for the Eastern District of Pennsylvania,**
> **Docket No. 23-13678**

Dear Judge Chan:

This firm represents creditors, Shin Da Enterprises Inc., 4456-50 N. 6th St. LLC, and Lijian Ren. We write to report that, unfortunately, the Debtor ignored the Court's order requiring him to provide documents following the hearing on our Motion to Dismiss, held on January 27, 2025. Per the Court's Order, we sent an email to Debtor's counsel outlining the open items and deficiencies discussed at the hearing by the deadline of January 31, 2025. A copy of that email is attached as **Exhibit A**. As directed by the Court, it requested documents related to the key issues at the hearing regarding the disposition of Debtor's assets immediately before he filed for bankruptcy including: 1) source documents explaining what happened to the $2 million in cash deposited with Victory Bank (as reported on Debtor's financial statement signed immediately before the bankruptcy filing); 2) the source documents supporting the disbursement of the approximately $9 million in proceeds from the sale of a property at 411 N. 9th Street owned by 500 Loft, LLC on November 13, 2023; 3) the source documents supporting the disbursement of proceeds from the $5.9 million refinancing of 142 N.11th Street owned by Spring Garden Marketing and Investment, LLC in October 2023; 4) and the transfer of a property valued at $7.5 million for $1 to Debtor's business partner Adam Xu in November 2023.

Debtor's counsel was ordered to respond to that email by February 14, 2025. Debtor failed to provide any responsive documents by that date. After requests from the undersigned, Debtor sent an email earlier today, which included fifteen (15) PDFs totaling sixty-one (61) pages. That email is attached as **Exhibit B**. These documents are largely unhelpful or had been produced previously. They provide no insight on what became of the $2 million from Victory Bank or the actual use of the funds from the sale or refinance. While Debtor provided what appear to be a handful of checks from Mr. Xu to entities controlled by Debtor dating back to 2015, no agreement with Mr. Xu has been provided. Per Debtor's message enclosing these documents, Debtor apparently still does not have an answer as to how much money is (or was) allegedly owed to Mr. Xu. In short, all the open questions raised at the Motion to Dismiss hearing remain open.

Even though it was raised at the hearing, Debtor also failed to provide any Periodic

3664811.1

# KANG HAGGERTY

**Kyle Garabedian**
215.525.0867
kgarabedian@kanghaggerty.com

Reports for Controlled Non-Debtor Entities for the entire year of 2024. Additionally, Debtor has failed to provide other basic financial information, such as up to date bank statements, financial statements, and tax returns. Troublingly, Debtor testified at the Motion to Dismiss hearing that all rents for PA Ridge Associates were being collected and put in a lockbox account. However, Debtor's message indicates that no such lockbox account was ever set up for PA Ridge.

In sum, Debtor remains non-compliant with the Court's orders, his own reporting requirements, and his discovery obligations. For these additional reasons, we respectfully that the Court grant the relief requested and dismiss the Debtor's bankruptcy.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosures

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

# EXHIBIT A

| From: | Kyle Garabedian |
| To: | Albert A. Ciardi III |
| Cc: | Daniel Siedman |
| Subject: | Wei- Follow Up on Hearing |
| Date: | Friday, January 31, 2025 4:44:32 PM |

Al and Dan,

Thanks for your patience. Whatever this bug is that is going around hit our office as well.

Per our appearance in front of Judge Chan the other day, we request the following:

1. Documents explaining the use of the $2 million deposited with Victory Bank reflected in the October 2023 Financial Statement.
2. All source documents supporting the disbursement of proceeds from the sale by 500 Loft LLC.
3. All source documents supporting the disbursement of the loan proceeds from Asian Bank related to the Spring Garden Marketing and Investment property.
4. All source documents related to the transfer of 1028 Arch property to Adam Xu.
5. Documents establishing the amounts owed to Adam Xu or his companies over time.
6. All documents reflecting the relationship between Mr. Wei or an entity he controls and Simon and Kenney.

Additionally, there are a number of lingering deficiencies from your client's document production that should be addressed promptly, including:

1. Documents related to your client's interest in the following entities:
   a. Woodland Holdings, LLC (there appear to be four of these entities)
   b. AJ Fortune LLC
   c. AJ Dynasty LLC
   d. 932 Arch Street Investments LLC
2. Up to date tax returns for virtually every entity associated with Mr. Wei (and Mr. Wei himself).
3. The financial statements produced all end in August 2024 and must be brought current.
4. All bank account statements produced end in August 2024 and must be brought current. This is particularly important as it relates to PA Ridge and the related management company and master tenant. To the extent there is a new lock box account as referenced in court the other day, statements for that account should be produced as well.

**Kyle Garabedian**

## Kang Haggerty

tel: 215.525.0867 | main: 215.525.5850

email: KGarabedian@kanghaggerty.com | web: www.kanghaggerty.com

office: 123 South Broad Street, Suite 1950, Philadelphia, PA 19109

social: LinkedIn | Twitter | Facebook

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT B

| | |
|---|---|
| **From:** | Kyle Garabedian |
| **To:** | Jennifer Russell |
| **Subject:** | FW: In re John Wei - Responsive Documents |
| **Date:** | Wednesday, February 19, 2025 1:05:27 PM |
| **Attachments:** | EQ-1 2M CD J. Wei 10.21.21.pdf |
| | EQ-1 Assignment of CD - John Wei.pdf |
| | EQ-2 411-19 N 9th St Settlement Stmt HUD-1 Pswd 11.13.23.pdf |
| | EQ-2 500 Loft Bank Stmt 11.23.pdf |
| | EQ-2 500 Loft Bank Stmt 12.23.pdf |
| | EQ-3 Spring Garden Marketing & Investment LLC 2023 Asian Bk Stmt.pdf |
| | EQ-3 Refin of 142-44 N Broad St Settlement Statement 10.30.23.pdf |
| | EQ-4 Membership and Partnership Transfer Power 1028 Arch 02.25.19.pdf |
| | EQ-5 525 N 11th St Rec Mtg Pay Off Letter.pdf |
| | EQ-4&5 Notice of Default from McCreesh Law Office 11.16.23.pdf |
| | EQ-5 $5M Comm Mortgage Note PA Ridge & JI Investment 11.19.15 Cancle Checks.pdf |
| | EQ-5 MJ Centual Investment LP Mtg.pdf |
| | EQ-6 CC Loft 500K Refin Settlement Statement 10.13.23.pdf |
| | EQ-6 Hunting Park Investment $1 Million Commercial Note Simon and Kenny LLC 06.15.2022.pdf |

Please save

**Kyle Garabedian**

Kang Haggerty

tel: 215.525.0867 | main: 215.525.5850

email: KGarabedian@kanghaggerty.com | web: www.kanghaggerty.com

office: 123 South Broad Street, Suite 1950, Philadelphia, PA 19109

social: LinkedIn | Twitter | Facebook

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Daniel Siedman <dSiedman@ciardilaw.com>
**Sent:** Wednesday, February 19, 2025 11:56 AM
**To:** Kyle Garabedian <KGarabedian@kanghaggerty.com>
**Cc:** Albert A. Ciardi III <Aciardi@ciardilaw.com>
**Subject:** In re John Wei - Responsive Documents

Kyle,

In response to Judge Chan's Order and your additional request for documents, the Debtor responds as follows:

1. Documents explaining the use of the $2 million deposited with Victory Bank reflected in the October 2023 Financial Statement.
   a. **Please see attached**
2. All source documents supporting the disbursement of proceeds from the sale by 500 Loft LLC.
   a. **Please see attached.**
3. All source documents supporting the disbursement of the loan proceeds from Asian

Bank related to the Spring Garden Marketing and Investment property.

    a. **Please see attached.**

4. All source documents related to the transfer of 1028 Arch property to Adam Xu.

    a. **Debtor was not involved in the transfer and, therefore, has no responsive documents.  Mr. Xu took the property pursuant to the Pledge Agreement.**

5. Documents establishing the amounts owed to Adam Xu or his companies over time.

    a. **Debtor is still compiling the total amount owed to Mr. Xu.  Debtor will supplement this response.**

6. All documents reflecting the relationship between Mr. Wei or an entity he controls and Simon and Kenney.

    a. **Please see attached.**

Additionally, there are a number of lingering deficiencies from your client's document production that should be addressed promptly, including:

1. Documents related to your client's interest in the following entities:

    a. Woodland Holdings, LLC (there appear to be four of these entities)  **A: Debtor does not have an Interest in Woodland Holdings, LLC**

    b. AJ Fortune LLC  **A: Still a partner but owns no asset. All properties under this entity were sold before 1/1/2023.**

    c. AJ Dynasty LLC  **A: Used to be a partner/member but no-longer a partner/member. Due to the time frame of the  response dated from 1/1/2023, this does not apply.**

    d. 932 Arch Street Investments LLC  **A: Used to be a partner/member but no-longer a partner/member. Due to the time frame of the  response dated from 1/1/2023, this does not apply.**

2. Up to date tax returns for virtually every entity associated with Mr. Wei (and Mr. Wei himself).

    a. **Debtor is in the process of completing and has set forth in the Plan that all outstanding returns will be filed within 90 days of confirmation.**

3. The financial statements produced all end in August 2024 and must be brought current.

    a. **Debtor is in process of completing and will be supplementing shortly..**

4. All bank account statements produced end in August 2024 and must be brought current. This is particularly important as it relates to PA Ridge and the related management company and master tenant. To the extent there is a new lock box account as referenced in court the other day, statements for that account should be produced as well.

    a. **Debtor will provide the PA Ridge checking account (under separate email) and the master tenant checking account, there's no lock box account as it was never set up.**

Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin

1905 Spruce Street,
Philadelphia, PA 19103
215-557-3550
215-557-3551- Fax
*Admitted in New Jersey and Pennsylvania*

The information contained in this e-mail message, together with any attachments thereto, is intended only for the personal and confidential use of the addressee[s] named above. The message and the attachments are or may be an attorney-client or other privileged or protected communication. If you are not the intended recipient of this message, or authorized to receive it for the intended recipient, you have received this message in error. You are not to review, use, disseminate, distribute or copy this message, any attachments thereto, or their contents. If you have received this message in error, please immediately notify us by return e-mail message, and delete the original message. This notice is included in all e-mail messages leaving our firm. Thank you for your cooperation.

IRS Circular 230 DISCLOSURE:

Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.